| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:11-CR-96 |
| | § | |
| TONY EARL BAILENTIA, JR. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Tony Earl Bailentia, Jr.'s ("Bailentia") *pro se* Motion to Supplement Reduction of Sentence (#120), wherein he requests that the court reduce his sentence as he allegedly no longer qualifies as an armed career offender. The Government filed a response in opposition (#122). After conducting an investigation, United States Probation and Pretrial Services ("Probation") recommends denying the motion. Having considered the motion, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

On October 19, 2011, a federal grand jury in the Eastern District of Texas returned a two-count First Superseding Indictment charging Bailentia in Counts 1 and 2 with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The First Superseding Indictment also advised Bailentia of a potential 15-year minimum sentence. After a jury trial, the jury returned a guilty verdict as to both Counts 1 and 2 of the First Superseding Indictment. Subsequently, on December 5, 2011, the court acquitted Bailentia as to Count 1 of the First Superseding Indictment but declined to acquit as to Count 2. On June 15, 2012, the court sentenced Bailentia to 252 months' imprisonment, followed by a 5-year term of supervised release. On July 2, 2013, the United States Court of Appeals for the Fifth Circuit affirmed Bailentia's

conviction and sentence. The United States Supreme Court denied Bailentia's petition for a writ of certiorari on November 5, 2013.

Bailentia has a lengthy writ history relating to his conviction and sentence. On September 12, 2014, Bailentia filed his original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Bailentia v. United States*, 1:14-CV-472 (#1). The Government was ordered to show cause and filed a response on December 23, 2014. *Id*. (#7).

On December 7, 2015, more than one year after filing his original § 2255 motion, Bailentia filed a Supplemental Motion to Memorandum (#8), which was construed as a Motion for Leave to Amend (#11). On May 13, 2016, the Government filed a response, objecting to the timeliness of Bailentia's Motion to Amend. *Id*. (#12).

On June 16, 2016, Bailentia filed another Motion for Leave to File Supplemental Pleading, this time asserting claims under *Johnson v. United States*, 576 U.S. 591 (2015). *Id*. (#13). The Government filed a response opposing the motion as it related to his claims under *Johnson*. *Id*. (#15).

On November 7, 2016, Bailentia filed an Addendum to Motion for Leave to File a Supplemental Pleading/To Amend, contending that his three prior convictions do not qualify as violent felonies under the Armed Career Criminal Act ("ACCA") in light of *Mathis v. United States*, 579 U.S. 500 (2016). *Id*. (#17). Following the Government's response, the court denied

Bailentia's § 2255 motion in its entirety on September 22, 2017. *Id*. (#25).[1] Bailentia then filed a late amendment that was denied on November 14, 2018. *Id*. (#30). On November 28, 2022, Bailentia filed a Motion for Appointment of Counsel that was also denied as untimely. *Id*. (#s 33 & 34). Currently pending in Bailentia's habeas case is a Motion for Reconsideration of the order denying him the appointment of counsel. *Id*. (#35). In this motion, Bailentia states he seeks counsel to bring forth issues in light of *Borden v. United States*, __ U.S. __, 141 S. Ct. 1817 (2021), again attempting to challenge the sentencing enhancements under the ACCA.

Bailentia has also previously filed a Motion for Compassionate Release based on health concerns related to the COVID-19 pandemic. This court denied the motion on April 16, 2021. *United States v. Bailentia*, 1:11-CR-96 (#s 99 & 108). Bailentia then sought reconsideration of his Motion for Compassionate Release relating to these same health concerns on April 15, 2022. *Id*. (#113). The court denied the motion on July 5, 2022. *Id*. (#119).

Bailentia is currently housed at Federal Correctional Institution Jesup ("FCI Jesup"), located in Jesup, Georgia. His projected release date is November 8, 2029.

II.   Analysis

As outlined above, Bailentia again asserts that his underlying state court convictions are invalid predicate offenses and argues that he should be resentenced without the ACCA enhancements. While Bailentia invokes the compassionate release statute, 18 U.S.C.

---

[1] Bailentia asserted several arguments in his § 2255 motion. Many of his claims challenged the sentence enhancements under the ACCA and the underlying qualifying offenses. All of these claims were denied as either argued and denied on appeal, as lacking in merit, and/or barred by the statute of limitations. On February 17, 2017, Bailentia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting the same challenge under *Johnson*. *Bailentia v. Langford*, Civil Action No. 2:17-CV-1666 (C.D. Cal. Mar. 20, 2017). The District Court denied the motion on March 20, 2017, holding Bailentia failed to show § 2255 was inadequate or ineffective as a means of challenging his judgment. *Id*. (#6).

§ 3582(c)(1)(A), he makes no mention of any "extraordinary and compelling" reasons that may warrant a sentence reduction. Bailentia makes a brief reference to "the recent U.S. Supreme Court decision in the new Sentencing guidelines amendments regarding firearms, criminal history, and unusually long sentences." Bailentia, however, fails to provide a specific case cite. Moreover, the amendments to the United States Sentencing Guidelines, which allow for the consideration of unusually long sentences, do not take effect until November 1, 2023.[2] Bailentia also gives no indication that he has attempted to exhaust his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A).[3]

A "compassionate release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision." *United States v. Jabateh*, No. CR 18-216-3, 2021 WL 5802493, at *2 (W.D. Pa. Dec. 7, 2021) (quoting *United States v. Roney*, 833 F. App'x 840, 854 (2d Cir. 2020)). Chapter 153 of Title 28 contains the exclusive avenues for prisoners to bring their legality-of-custody challenges. *United States v. Escajeda*, 58 F.4th 184, 186-87 (5th Cir. 2023) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)). "[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153." *Escajeda*, 58 F.4th at 187.

---

[2] https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

[3] The Government provides no analysis regarding whether Bailentia exhausted his administrative remedies with respect to any claim under 18 U.S.C. § 3582(c)(1)(A). The Government's primary argument is that his claims should be construed as a successive motion to vacate, set aside, or correct sentence. Alternatively, the Government asserts that Bailentia failed to argue, let alone show, any extraordinary and compelling reasons to justify a sentence reduction. For purposes of this motion, the court proceeds to the merits of Bailentia's claim and makes no determination as to exhaustion.

As urged by the Government, Bailentia's motion under § 3582 could be viewed as an attempt to circumvent the restrictions on filing a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The record reflects that Bailentia has unsuccessfully challenged his conviction and sentence through a direct appeal, a motion to vacate, set aside or correct sentence under § 2255, and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As highlighted above, during both direct and collateral review, Bailentia has argued the same grounds he reasserts here, *i.e.*, challenges to the underlying predicate offenses for the ACCA enhancement.[4] For Bailentia to file another § 2255 motion, he would be required to seek and obtain authorization for a successive motion. *See* 28 U.S.C. § 2244(a). Thus, to the extent that Bailentia is relying on his present motion for compassionate release/reduction in sentence as a vehicle to attack his conviction and sentence under § 2255, without seeking the requisite authorization from the Fifth Circuit, he is barred from doing so. *Escajeda*, 58 F.4th at 187 ("The habeas-channeling rule . . . prevents a prisoner from so easily steering around Chapter 153's strictures."); *United States v. MacLloyd*, 2021 WL 5263594, at *3 (6th Cir. Sept. 20, 2021) ("The relationship between § 2255's restrictions on successive habeas petitions and the broad discretion given to courts when considering the compassionate release factors under 18 U.S.C. § 3582(c)(1)(A) presents complicated and unresolved questions."); *United States v. Wentzel*, 858 F. App'x 943, 945 (7th Cir. 2021) (recognizing that the Court had previously "warned that district courts should not use § 3582(c)(1)(A)(i) to erode the limits on postconviction relief in 28 U.S.C. § 2255.").

---

[4] Probation reports that all three prior convictions are still qualifying offenses under the ACCA and there would be no change in his sentence.

In any event, Bailentia has failed to argue, let alone show, any extraordinary and compelling reasons that weigh in favor of granting his motion. In this court's prior orders addressing Bailentia's original motion for compassionate release and his motion for reconsideration, this court addressed the § 3553 factors in detail and determined that they weighed heavily against a sentence reduction (#s 108 & 119). This court will not revisit these factors once again and stands on its prior analyses finding that Bailentia is not entitled to be released from confinement.

III.  Conclusion

In short, Bailentia cannot circumvent the restrictions on filing a successive § 2255 motion to vacate, set aside, or correct sentence by filing a third motion for compassionate release. Alternatively, Bailentia has failed to argue, let alone show, that extraordinary and compelling reasons justify a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the § 3553 factors dictate against such a reduction.

Consistent with the foregoing analysis, Bailentia's *pro se* Motion to Supplement Reduction of Sentence (#120) is DENIED.

SIGNED at Beaumont, Texas, this 25th day of June, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE